# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

VALERIE RILEY, Individually and as : 
Personal Representative of the ESTATE: 
of MARY ROSS, WALTER RILEY, : 
and ANTHONY RILEY, :      C.A. No.: K24C-01-024 JJC 
          : 
       Plaintiffs, : 
          : 
      v.         : 
          : 
BAYHEALTH MEDICAL CENTER, : 
INC., d/b/a/ KENT GENERAL : 
HOSPITAL, CAPITOL NURSING and : 
REHABILITATION CENTER, LLC, : 
d/b/a CADIA REHABILITATION : 
CAPITOL, WOUND HEALING : 
SOLUTIONS PENNSYLVANIA AND : 
DELAWARE, LLC, LOUIS E. : 
COSTA, D.O., Individually and LOUIS : 
E. COSTA, D.O., d/b/a as STELLAR : 
SURGICAL, : 
         Defendants. :

Submitted: April 22, 2024
Decided:    May 3, 2024

## ORDER

This matter involves a healthcare negligence suit filed by Plaintiffs Valerie, Walter, and Anthony Riley, with Valerie Riley acting both individually and as the representative of the Estate of Mary Ross. The defendants are Bayhealth Medical Center, Inc. ("Bayhealth"), Capitol Nursing and Rehabilitation Center, LLC ("Capitol"), Wound Healing Solutions Pennsylvania and Delaware ("Wound Healing Solutions"), LLC, and Dr. Louis E. Costa. Plaintiffs allege negligent

medical care arising from the treatment Defendants provided decedent Mary Ross for a sacral decubitus ulcer while at Bayhealth's Kent General Hospital and Capitol's rehabilitation facility. Specifically, Plaintiffs allege that Defendants are jointly and severally liable for their negligent treatment of Ms. Ross's ulcer, which progressed to an infection, necrosis, septic shock, and ultimately, Ms. Ross's death. Defendants Bayhealth, Capitol, and Wound Healing Solutions have separately filed motions requesting an *in camera* review of the plaintiffs' affidavit of merit to determine whether it complies with 18 *Del. C.* § 6853(a)(1) and (c) as to Bayhealth, Capitol, and Wound Healing Solutions.

In Delaware, a plaintiff filing a medical negligence action must include an affidavit of merit that addresses each defendant. The affidavit must be signed by the expert and accompanied by the expert's *curriculum vitae*.[1] Generally, an affidavit that tracks the statutory language complies with the statute.[2]

The expert signing the affidavit must be licensed to practice medicine as of the affidavit date and be engaged in the practice of medicine in the same or similar field of medicine as the defendant for the three years immediately preceding the alleged negligence.[3] The affidavit must also state that reasonable grounds exist to believe that each defendant's negligence caused the plaintiff's injury.[4] Even though the plaintiff must file the affidavit under seal, a defendant may request the Court to review it *in camera* to ensure it complies with the statutory requirements.[5]

As requested, after an *in camera* review of the affidavit of merit and the expert witness's *curriculum vitae*, the Court finds:

---

[1] 18 *Del. C.* § 6853(a)(1).

[2] *Dishmon v. Fucci*, 32 A.2d 338, 342-43 (Del. 2011).

[3] *Flamer v. Nanticoke Memorial Hospital*, 2020 WL 113911, at *1 (Del. Super. Jan. 9, 2020) (citing 18 *Del. C.* § 6853(c)).

[4] *Id.*

[5] *Id.* at *1 (citing § 6853 (d)).

1. The expert signed the affidavit;

2. The expert attached a *curriculum vitae*;

3. The expert is currently licensed to practice medicine;

4. The expert is board certified in general surgery and surgical critical care;

5. The expert treated patients in the same or similar field of medicine as the Defendants for over three years, including the three years immediately preceding the alleged negligent conduct. Namely, the affidavit and *curriculum vitae* specifically reference the expert's experience in general surgery and surgical critical care; and

6. The expert recites and explicitly lists the reasonable grounds to believe that the Defendants breached the applicable standard of care as it related to Ms. Ross's treatment at Kent General Hospital and Capitol's rehabilitation facility in manners that directly and proximately caused her injury.

Therefore, the affidavit of merit contains the material required by 18 *Del. C.* § 6853(a)(1) and (c) regarding the allegations against Bayhealth, Capitol, and Wound Healing Solutions. As a result, the Court finds that the affidavit of merit is **COMPLIANT** as to Bayhealth, Capitol, and Wound Healing Solutions.

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Resident Judge